**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

WHEELING HOSPITAL, INC.,

                            **Plaintiff,**

       **vs.**

LOUIS LONGO,

                           **Defendant.**

**Civil Action No. 5:19-CV-32**
**Hon. Frederick P. Stamp Jr.**

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

1

I.     **<u>Contents</u>**

II.   INTRODUCTION AND FACTUAL BACKGROUND..........................................................3

        *a.    The First Pennsylvania Action.....................................................................3*

        *b.    The False Claims Act...................................................................................5*

III.  STANDARD OF REVIEW ..............................................................................................7

IV.  THE COMPLAINT SHOULD BE DISMISSED, AS WHEELING'S ALLEGATIONS ARE
     COMPULSORY COUNTERCLAIMS WHICH MUST BE PLED IN THE EXISTING
     ACTION UNDER RULE 13. ...........................................................................................8

V.    THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE
     GRANTED, AND SHOULD BE DISMISSED WITH PREJUDICE UNDER RULE
     12(B)(6). ......................................................................................................................10

        *a.    Wheeling Hospital's allegations are barred in so far as they seek indemnification
           or contribution, or are dependent on a finding of FCA liability. ...........................11*

        *b.    Wheeling Hospital's claim alleging a breach of fiduciary duty due to defamation is
           barred by litigation privilege. ...............................................................................13*

        *c.    Wheeling Hospital fails to state a claim for abuse of process, as it does not allege
           any facts to establish the second requirement of the tort.......................................14*

VI.  THE COMPLAINT FAILS TO ADEQUATELY PLEAD CLAIMS, AND SHOULD BE
     DISMISSED UNDER RULE 8(B).................................................................................15

        *a.    Wheeling has failed to plead facts sufficient to allege a breach of fiduciary duty
           due to unprivileged false statements to third parties.............................................15*

        *b.    Wheeling has failed to plead facts sufficient to allege abuse of process................16*

VII. CONCLUSION................................................................................................................16

Defendant Louis Longo ("Longo"), by and through undersigned counsel, submits this memorandum of law in support of his Motion to Dismiss the complaint filed by Plaintiff Wheeling Hospital, Inc ("Wheeling Hospital").

## II.   **Introduction and Factual Background**

Wheeling Hospital's lawsuit is neither well-taken nor well pled—making unfounded accusations which are legally insufficient and not properly before this Court.  However, without addressing the factual merits of this lawsuit, or lack thereof, there are compelling reasons for this Court to dismiss Wheeling Hospital's complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 8(b).  At best, these claims, if brought at all, are compulsory counterclaims under Rule 13, which must be asserted in the case filed first in Pennsylvania.

### a.   *The First Pennsylvania Action*

In December 2017, Longo filed an action against Wheeling Hospital under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b)(1) ("FCA") in the Western District of Pennsylvania, where Wheeling Hospital's CEO resides and his management company (R & V Associates) is based.   The Complaint alleged that Wheeling Hospital, its CEO Ron Violi and Violi's management company—hired by Wheeling Hospital—committed healthcare fraud by illegally compensating physicians in violation of the Anti-Kickback Statute and Stark Laws, causing millions of dollars of false claims to be submitted to Medicare. *United States of America ex rel. Louis Longo v. Wheeling Hospital, Inc. et al.*, No. 17-cv-1654 (W.D. Pa.). (*See* Complaint and Docket Sheet attached hereto as Exhibits "A" and "B").  Longo discovered this conduct while serving as Executive Vice President at Wheeling Hospital from 2011-2015.   On multiple occasions, Longo alerted the Hospital CEO, Ron Violi, and also had discussions with other

individuals involved in Hospital management and governance, about the issues that later became the subject of the 2017 FCA Complaint.

After a year of investigating these allegations, the United States concluded that many of Longo's claims had merit and intervened in the 2017 FCA case. The case was unsealed in December 2018, and the intervention publicly announced. *See* DOJ December 21, 2018 Press Release entitled: "United States Joins False Claims Act Lawsuit Against Wheeling Hospital, R & V Associates, and Ronald Violi Based on Improper Payments and Kickbacks to Physicians." (*See* Press Release, attached hereto as Exhibit "C").

On March 25, 2019 the United States filed its Complaint in Intervention setting forth its allegations of healthcare fraud committed by Wheeling Hospital, its CEO and his management company, R & V Associates, concluding:

> The violations alleged here are not minor or insubstantial.  Instead the ways in which Defendants violated the Stark Law and AKS implicate the core concerns of those statutes including because Defendants directly incentivized and paid physicians in return for increased referrals to Wheeling Hospital.  Defendants knowingly and systematically paid compensation to physicians that resulted in thousands of false Medicare claims, as a result of which Defendants enriched themselves considerably at the expense of the United States.

*United States Complaint in Intervention* at p. 42, ¶ 167.

After DOJ filed its November 30, 2018 Notice of Election to Intervene in Part in the Western District of Pennsylvania, but immediately before the United States filed its March 25, 2019 Complaint in Intervention (a date that had been communicated to Plaintiff), Wheeling Hospital filed this present action – a new action in a new forum – claiming, without legal basis or factual support, that by filing the 2017 False Claims Act case, Longo breached his fiduciary duty to Plaintiff and engaged in abuse of process.

b. *The False Claims Act*

The False Claims Act ("FCA") imposes liability on entities that defraud taxpayer funded federal programs. The FCA "is the Government's primary litigation tool for recovering losses resulting from fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 267 (5th Cir. 2010). Under the FCA, individuals with knowledge of fraud ("Relators") may file cases on behalf of the United States. After investigating a Relator's allegations, the United States may choose to join the case and prosecute the allegations. Nationally, the United States intervenes in less than one in five *qui tam* cases filed by Relators.

To incentivize individuals to come forward, the FCA allows Relators to take a percentage of recoveries if a case is ultimately successful.  Conversely, to protect Defendants from potentially frivolous cases, the Act also provides that where the U.S. does not intervene, and the case is "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment," an FCA Defendant may recover their legal costs from the Relator. 31 U.S.C. § 3730(d)(4).

Individual *qui tam* Relators play a critical role in uncovering fraud. Since the revision of the FCA in 1986, approximately 59 billion taxpayer dollars have been recovered under the FCA. Of this, 42 billion were recovered from *qui tam* cases. Civil Div., U.S. Dep't of Justice, Fraud Statistics—Overview:  October 1, 1986 – September 30, 2018 (Dec. 21, 2018), https://www.justice.gov/civil/page/file/1080696/download.

Relators nevertheless frequently face harassment and retaliation for attempting to come forward. Congress expressly created an anti-retaliation provision in the FCA to protect potential Relators in the workplace, and "halt companies . . . from using the threat of economic retaliation to silence 'whistleblowers,' as well as assure those who maybe considering exposing fraud that

they are legally protected from retaliatory acts." S. Rep. 99-345, 34 (1986), *see 31 U.S.C. §*
*3730(h)*.

In step with this congressional intent, federal courts have consistently enforced a public
policy encouraging *qui tam* whistleblowers to report fraud. Claims against Relators that would
violate public policy have accordingly been barred by courts, including claims seeking
indemnification or contribution (i.e. claims that the Relator must reimburse a Defendant for some
or all of the payments the Defendant has made to the federal government in an FCA case), breach
of contract claims for failure to return related evidence, or violations of confidentiality agreements
for reporting alleged fraud. *See e.g. United States ex rel. Miller v. Bill Harbert Int'l Const.*, 505 F.
Supp. 2d 20, 29 (D.D.C. 2007) (noting counterclaims for indemnification or contribution "create
the perverse result of making a truthful relator pay to offset the liability of a wrongdoing FCA
defendant" and are thus barred by public policy); on breach of contract, *see United States ex rel.*
*Head v. Kane Co.*, 668 F. Supp. 2d 146, 152 (D.D.C. 2009), on confidentiality agreements, *see*
*United States ex rel. Grandeau v. Cancer Treatment Centers of America*, 350 F. Supp.2d 765, 773
(N.D. Ill. 2004), *see also X Corp. v. Doe*, 805 F. Supp. 1298, 1310 n.24 (E.D. Va. 1992), aff'd sub
nom. *Under Seal v. Under Seal*, 17 F.3d 1435 (4th Cir. 1994) (noting that a confidentiality
agreement would be void as against public policy, if, when enforced, it would prevent "disclosure
of evidence of a fraud on the government.").

Thus, while FCA Defendants like Wheeling Hospital have the right to bring claims against
Relators for certain harms, and the False Claims Act itself provides relief for frivolous cases,
Congress and courts have consistently prevented FCA Defendants from engaging in conduct that
would intimidate, harass, or silence potential whistleblowers.

In the present case, Wheeling Hospital has, in essence, accused Longo of filing a False Claims Act case without merit, to its detriment. As discussed below, these claims share a clear nexus of fact with the prior filed case in Pennsylvania. Yet, rather than file counterclaims against Longo in the False Claims Act case, as plainly required by Federal Rules of Civil Procedure Rule 13, Wheeling Hospital has attempted to initiate a new case in a new forum. Wheeling Hospital has furthermore asserted multiple claims that are precisely the types of claims disallowed as void against public policy, as they serve to chill and intimidate whistleblowers from coming forward. As discussed below, Wheeling's remaining claims are either clearly barred by litigation privilege, have been so thinly pled as to merely recite the elements of the alleged tort, or fail to state a requisite element of the alleged torts altogether. This Court should dismiss the Complaint in its entirety.

## III.   **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  Under a Rule 12(b)(6) motion, a court will treat the non-moving party's factual allegations as true. *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). However, a court is not required to accept a party's legal conclusions. *Id*. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint must also meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. While Rule 8's pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

IV.   **The Complaint Should be Dismissed, as Wheeling's Allegations are Compulsory Counterclaims Which Must Be Pled In the Existing Action under Rule 13.**

Federal Rule of Civil Procedure 13 requires a pleading to "state as a counterclaim any claim which at the time of pleading the pleader has against **any** opposing party, if it arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for adjudication the presence of third parties of whom the court cannot acquire jurisdiction" (emphasis added). Rule 13 compels litigant to raise all related claims in one action to provide judicial economy, and facilitate finality of adjudication. *Southern Constr. Co. v. Pickard*, 371 U.S. 57 (1962); *see also Painter v. Harvey*, 863 F.2d 329, 333 (4th Cir. 1988). Courts have agreed the words "transaction or occurrence" should be interpreted liberally to carry out the philosophy of Rule 13. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *Warshawsky & Co. v. Arcata Nat'l. Corp.*, 552 F.2d 1257, 1261 (7th Cir. 1977).

Courts look to a number of factors to determine whether a claim arises out of the same "transaction or occurrence," including: similarity of legal and factual issues; possible *res judicata* problems; ability of same evidence to support or refute claim and counterclaim; and logical relationship between claim and counterclaim. *See, e.g.*, *Painter*, 863 F.2d at 333 ("where, as here, the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory"); *Pochiro*, 827 F.2d at 1249 (claims are compulsory where "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit"); *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 483, fn.2 (5th Cir.

1996) ("An affirmative answer to any of the four questions [regarding similarity of issues, potential for *res judicata,* same evidence, or logical relationship] indicates the claim is compulsory."); *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389-90 (3rd Cir. 2002) (a logical relationship between the complaint and counterclaim exist "when claims involve the same factual and legal issues, or are offshoots of the same basic controversy between the pending action."). Here, these issues must be determined in the False Claim Act filed first and intervened in by the United States.

Under the federal doctrine of comity, there is a rebuttable presumption that the first-filed action should proceed and the second abated. *See, e.g.*, *Learning Network, Inc. v. Discovery Communications, Inc.*, 11 Fed.Appx. 297, 300 (4th Cir. 2001) (recognizing "first to file" rule); *see also Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941) (formally adopting the first-to-file rule in the Third Circuit and stating that "[t]he party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter.").

Wheeling Hospital's claims against Longo - abuse of process and breach of fiduciary duty - are compulsory counterclaims because they arise from the same "transaction or occurrence" that is the subject matter of the False Claims Act case, which was filed in the Western District of Pennsylvania in 2017. *See, e.g.*, *Siebert v. Gene Security Network, Inc.*, 2013 WL 5645309, at *4 (N.D.Cal. 2013) (in False Claim Act action, finding Defendants counterclaims for breach of fiduciary duty against Relator compulsory, as they "arise out of the same set of facts as Plaintiff's allegations.")

The allegations in the earlier filed FCA case and those set forth in the present case concern the same time period of Longo's employment at Wheeling Hospital, and the same Stark and

kickback allegations. A logical relationship between these claims and the prior filed case exists, as most of the allegations in this present case concern the filing of the False Claims Act matter itself. Indeed, as further described below, Wheeling's claims in the present case are impossible to adjudicate absent resolution of the False Claims Act case. Wheeling Hospital's theories of a breach of fiduciary duty based on theories of defamation, or Longo's unprivileged false statements to third parties, would require a finding that the prior filed case was not meritorious. *Compl.* (Dkt. Entry No. 1), at ¶ 48. At the same time, Wheeling Hospital's theories of a breach of fiduciary duty would lack an essential element – harm – should there be no finding of False Claims Act liability.

This Court should dismiss the Complaint in its entirety, as it contains only allegations which are compulsory counterclaims to the prior filed case in Western Pennsylvania. As described below, Plaintiffs' allegations should be dismissed with prejudice.

V.   **The Complaint Fails to State a Claim for Which Relief Can Be Granted, and Should Be Dismissed with Prejudice under Rule 12(b)(6).**

The Court should dismiss Count 1 of the Complaint with prejudice under Rule 12(b)(6), insofar as the allegations assert equitable indemnity and contribution based claims against Longo. Such allegations fail to state, and never will be able to state, claims upon which relief can be granted against Longo because: (1) the False Claims Act does not permit Wheeling Hospital to assert contribution or indemnity based claims, and (2) to the extent Wheeling Hospital is liable under the False Claims Act, it is disqualified from obtaining equitable relief against Longo.

The Court should dismiss Court 2 of the Complaint with prejudice under Rule 12(b)(6). Such allegations fail to state, and will never be able to state, claims upon which relief can be granted because the tort of abuse of process requires an improper use of the FCA case after filing the FCA Complaint.  No allegation Wheeling Hospital has made supports such a claim.

a. *Wheeling Hospital's allegations are barred in so far as they seek indemnification or contribution, or are dependent on a finding of FCA liability.*

In passing the False Claims Act, Congress sought to incentivize *qui tam* Relators to blow the whistle on fraud against the government, and add resources to the Department of Justice's fraud-enforcement capabilities. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 779 F. Supp. 1252, 1253 (N.D. Cal. 1991). Accordingly, courts have consistently enforced a strong public policy encouraging *qui tam* whistleblowers to report fraud.

Claims against *qui tam* Relators which essentially seek indemnification or contribution – i.e. claims that the Relator must reimburse a Defendant for some or all of the payments the Defendant has made to the federal government for False Claims Act liability – have been consistently dismissed by federal courts. *See e.g. Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Las Vegas)*, 934 F.2d 209, 212 (9th Cir. 1991); *United States ex rel. Battiata v. Puchalski*, 906 F.Supp.2d 451, 459 (D.S.C.,2012); *United States ex rel. Miller*, 505 F.Supp.2d  at 26 (dismissing breach of fiduciary duty counterclaim against relator, noting that "the unavailability of contribution and indemnification for a defendant under the False Claims Act now seems beyond peradventure.").

Claims against *qui tam* Relators for a breach of fiduciary duty have been *barred* on these grounds where they are premised on an allegation that the "*qui tam* relator himself was responsible for the fraud and had led the defendant astray."  *United States ex rel. Miller*, 505 F.Supp.2d at 25, *citing United States ex rel. Rodriquez v. Weekly Publications,* 74 F.Supp. 763, 769 (S.D.N.Y. 1947); *see also Mortgages, Inc.*, 934 F.2d at 213 (barring third party complaint against *qui tam* Relator for contribution and indemnification, noting "the FCA is in no way intended to ameliorate the liability of wrongdoers by providing defendants with a remedy against a qui tam plaintiff with 'unclean hands.") Claims against *qui tam* Relators for a breach of fiduciary duty premised on a

11

theory that a Relator should have reported wrongdoing earlier have been barred on similar grounds. *See, e.g.*, *United States ex rel. Miller*, 505 F.Supp.2d at 29 (dismissing counterclaims for breach of fiduciary duty premised on Relator's alleged duty to report fraud); *United States ex rel. Newsham*, 779 F.Supp. at 1254 (dismissing counterclaim for breach of fiduciary duty, noting "to permit defendant to pursue a counterclaim for breach of contract and breach of loyalty for the failure to first raise its concerns with the alleged wrongdoer, would allow wrongdoers to retaliate against whistleblowers, and is contrary to legislative intent.").

Stated differently, claims against *qui tam* Relators which effectively demand contribution or indemnification are barred because they are dependent on a finding of liability under the FCA against the *qui tam* Defendant. *United States ex rel. Battiata*, 906 F.Supp.2d at 460 ("a qui tam defendant may not assert any counterclaim for dependent damages against a relator"), citing *United States ex rel. Miller*, 505 F.Supp.2d. Claims can proceed if they are adequately pled and allege independent harms, e.g. harms which are *not* dependent on a finding of FCA liability. *See United States ex rel. Madden v. General Dynamics Corp.*, 4 F.3d 827, 831, 26 Fed. R. Serv. 3d 1401 (9th Cir. 1993). For dependent claims, "dismissal should be denied only if a reasonable inference can be drawn that damages sought are independent." *United States ex rel. Battiata*, 906 F.Supp.2d at 460.

In the present complaint, Wheeling has offered a medley of theories under which Longo breached a fiduciary duty to the hospital. These allegations are in part premised on Longo's failure to report the fraudulent conduct earlier, *Compl.* (Dkt. Entry No. 1), at ¶ 47, and Longo "contriving and/or concocting circumstances while in his Executive Office position and/or his position as a partner of Deloitte, to create a claim for damages against the Hospital." *Id.* at ¶ 48. Allegations premised on such theories are veiled attempts to seek indemnification, identical to those barred in

the *Rodriquez*, *Miller*, *Mortgages*, and *Newsham* cases above, and should be dismissed with prejudice.

Wheeling Hospital has also alleged that Longo breached his fiduciary duty "by seeking to extort funds from Wheeling Hospital by threat of a false and meritless legal action" and "by advancing his personal interests to the detriment of Wheeling Hospital." *Id*.  Wheeling Hospital has not pled, with specificity, damages to themselves (or benefits to Longo) independent from those that would flow from a finding of FCA liability. In the absence of specific information to that end, it appears the harm alleged would only be based upon the finding of FCA liability.  Such a claim is barred as a dependent claim and should be dismissed with prejudice.

> b. *Wheeling Hospital's claim alleging a breach of fiduciary duty due to defamation is barred by litigation privilege.*

Litigation privilege protects any communications published in the course of a judicial proceeding "as long as the communications are related to the prospective judicial action." *Susko v. City of Weirton,* No. 5:09CV1, 2011 WL 221825, at *3 (N.D.W.Va. 2011) (quoting *Collins v. Red Roof Inns, Inc.,* 211 W.Va. 458, 566 S.E.2d 595, 599 (W.Va. 2002)). This privilege applies in defamation actions. *See Id*. at 603. "The scope of absolute judicial privilege cannot be circumvented by pleading alternative tort theories based on the same alleged wrongful acts or statements." *Riccobene v. Scales*, 19 F.Supp.2d 577, 581–82 (N.D.W. Va. 1998), citing *Hoover v. VanStone,* 540 F.Supp. 1118 (D.Del. 1982) (holding that absolute privilege should not be frustrated by incorporating alternative theories in the complaint).

In the present complaint, Wheeling Hospital has alleged one tort (breach of fiduciary duty) based on another theory of tort (defamation). *Compl.* (Dkt. Entry No. 1), at ¶ 48. Throughout the complaint, however, the alleged source of false statements is Longo's prior filed FCA action itself. *Id.* at ¶ 29-31. Under litigation privilege, statements made in connection with a judicial action – or

a judicial action itself – cannot be the source of a defamation claim. Following *Riccobene* and *Hoover*, the privilege cannot be circumvented by simply pleading an alternative tort theory based on the same alleged wrongful act.

      c.   *Wheeling Hospital fails to state a claim for abuse of process, as it does not allege any facts to establish the second requirement of the tort.*

To allege the tort of abuse of process, a plaintiff must plead (1) the existence of an ulterior purpose and (2) an act in the use of the process not proper in the regular prosecution of the proceedings. *See e.g. Mullins v. Sanders*, 189 Va. 624, 633, 54 S.E.2d 116, 121 (1949); *Glidewell v. Murray-Lacy & Co.*, 124 Va. 563, 570, 98 S.E. 665, 668 (1919).

In other words, abuse of process is "misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. *The purpose for which the process is used, once it is issued, is the only thing of importance…*" *Preiser v. MacQueen*, 177 W. Va. 273, 279, 352 S.E.2d 22, n.8 (emphasis added) (quoting W. Prosser, *Handbook of the Law of Torts* § 121 (4th ed.1971); *see also* 1 Am.Jur.2d *Abuse of Process* § 3 (2009) ("abuse of process concerns the improper use of process after it has been issued."). Specifically, case law has held that "[t]he gravamen of the tort lies in the abuse or the perversion of the process *after it has been* issued." *Donohoe Constr. Co. v. Mt. Vernon Assoc.*, 235 Va. 531, 369 S.E.2d 857, 862 (1988) (emphasis added); *see also Deel v. West Virginia EMS Technical Support Network, Inc.*, 2009 WL 2366524, at \*4 (S.D.W.Va. 2009) (dismissing allegations for failure to state a claim where there were no allegations that Defendant engaged in "the willful or malicious misuse or misapplication of lawfully issued process" (internal citations omitted) *after* the issuance of such process.").

Significantly, Wheeling Hospital has failed to allege any facts that support that Longo did anything improper after filing the 2017 FCA case or that he used the FCA proceeding in any way for which it was not intended. Wheeling Hospital has vaguely alleged that in September of 2016

– prior to the filing of the FCA case – Longo spoke of "some kind of case" which may "cost the Hospital a lot of money." *Compl.* (Dkt. Entry No. 1), at ¶ 28.  While Longo disputes this, even if assumed to be true and improper, such facts could not support a claim for abuse of process, as this occurred before the filing of the FCA lawsuit.

Neither can Wheeling Hospital base its abuse of process claim on Longo seeking settlement of the FCA case after the case was initiated: to file a lawsuit, and seek settlement of that same lawsuit, are squarely part of the proper and regular prosecution of proceedings, and are an inadequate basis for pleading an abuse of process claim.  Merely filing a complaint, similarly, cannot be the basis for the claim.   *See Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 520, 131 Nev. Adv. Op. No. 69 (Nev. 2015) ("Filing a complaint does not constitute abuse of process; the tort requires a willful act that would not be proper in the regular conduct of the proceeding, and filing a complaint does not meet this requirement.").  *See also Mullins*, 54 S.E.2d at 121. A "legitimate use of process to its authorized conclusion, even when carried out with bad intention," does not constitute abuse of process. *BNX Systems Corp. v. Nardolilli*, 368 Fed.Appx. 339, 342, 2010 WL 699016, at *2 (4th Cir.2010), *citing Donohoe Constr. Co. v. Mt. Vernon Assoc.*, 235 Va. 531, 369 S.E.2d 857, 862 (1988).   As such, Wheeling Hospital's abuse of process claim must be dismissed.

VI.   **The Complaint Fails to Adequately Plead Claims, and Should Be Dismissed Under Rule 8(b).**

a.   *Wheeling Hospital has failed to plead facts sufficient to allege a breach of fiduciary duty due to unprivileged false statements to third parties.*

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint does not suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" *Bell Atl. Corp.*, 550 U.S. at 555 (2007).

In the present complaint, Wheeling has claimed that Longo breached fiduciary duty through "unprivileged false statements to third parties." These allegations are pled only on "information and belief," without further detail. *Compl.* (Dkt. Entry No. 1), at ¶ 48. Claims based on such "naked assertions" of fact are insufficiently pled and should be dismissed.

### b.   *Wheeling has failed to plead facts sufficient to allege abuse of process.*

Wheeling Hospital has not alleged facts that could meet the second prong for abuse of process.   A district court in this circuit dismissed a counterclaim brought against a FCA Relator in such a circumstance.  *See United States ex rel. Battiata*, 906 F.Supp.2d at 462 (dismissing counterclaim for abuse of process against FCA Relator where, "at most, Defendants' allegations support an inference that the action was filed with an ulterior purpose of harming Defendants.").

 Interestingly, in their extremely sparse abuse of process allegations, Wheeling Hospital states as a predicate that Longo filed a "meritless and fabricated FCA Complaint." *Compl.* (Dkt. Entry No. 1), at ¶ 54. Wheeling Hospital's characterization of the FCA Complaint as "meritless" is ironic.   Neither prong of the tort of abuse of process has anything to do with the merit of the case, but more significantly it defies logic to characterize the case as "meritless" or "fabricated" when the United States government has investigated these allegations, and found merit— intervening in the case.

Again, Wheeling Hospital has made only naked and unsupported assertions as to its abuse of process claim and thus fails to meet the requirements of Rule 8(b).

## VII.   **Conclusion**

The instant complaint contains allegations that are clearly compulsory counterclaims under Rule 13, as the essence of this lawsuit involves issues that are identical to many of the issues in the 2017 FCA case pending in Pennsylvania.  Moreover, Wheeling Hospital also fails to state a

claim for relief under Rule 12(b)(6) based upon case law and public policy jurisprudence interpreting the False Claims Act, and does not meet the requisite pleading requirements pursuant to  Rule 8(b).

Accordingly, and for all the foregoing reasons, this Court should enter an order dismissing this case.

**Date: May 3rd, 2019**                                     **RESPECTFULLY SUBMITTED,**

**DEFENDANT LOUIS LONGO,**
**BY SPILMAN THOMAS & BATTLE, PLLC**

/s/ Sharon L. Potter_____
Sharon L. Potter (WV Bar # 2952)
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 831
1233 Main Street, Suite 4000
Wheeling, WV  26003
Telephone:  304-230-6950
Email:  spotter@spilmanlaw.com

*and*

Michael S. Garrison (WV Bar #7161)
SPILMAN THOMAS & BATTLE, PLLC
P.O. Box 615
Morgantown, WV  26507
Telephone:  304-291-7920
Email:  mgarrison@spilmanlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Sharon L. Potter, hereby certify that on the 3rd day of May, 2019, the foregoing

Memorandum of Law in Support of Defendant's Motion to Dismiss  was electronically filed with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Marc B. Chernenko, Esquire
William E. Watson & Associates
800 Main Street
P.O. Box 111
Wellsburg, WV  26070
E: wewalaw@aol.com
*(Counsel for Plaintiff)*

Roscoe C. Howard, Jr., Esquire
William Martin, Esquire
C. David Paragas, Esquire
Meena T. Sinfelt, Esquire
Barnes & Thornburg, LLP
1717 Pennsylvania Ave, N.W.
Suite 500
Washington, DC  20006
E: Roscoe.Howard@btlaw.com
William.Martin@btlaw.com
David.Paragas@btlaw.com
Meena.Sinfelt@btlaw.com
*(Counsel for Plaintiff)*

/s/ Sharon L. Potter
Sharon L. Potter (WV Bar # 2952)

18