# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING HOSPITAL, INC.       )
                                )
          Plaintiff,       )
                                )
    vs.                     )
                                )   Civil Action No. 5:19-CV-00032-FPS
                                )
LOUIS LONGO               )
                                )
          Defendant.      )
_____)

---

## WHEELING HOSPITAL'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

# TABLE OF CONTENTS

Introduction and Summary of Argument ........................................................................ 1

Factual and Procedural Background ............................................................................... 3

Argument ....................................................................................................................... 4

   I.    Legal Standard ..................................................................................................... 4

   II.   The Complaint Should Not Be Dismissed Because Wheeling Hospital's Claims Are Not Compulsory Counterclaims but Instead Are Independent Causes of Action. ........................... 5

      A.   Wheeling Hospital's claims in this action do not arise out of the same transaction or occurrence as the Pennsylvania Case. ................................................................................... 5

      B.   Wheeling Hospital need not file these claims in the Pennsylvania Case because they are not compulsory counterclaims. ................................................................................................. 9

      C.   This case must proceed because the balance of convenience weighs in its favor. ....... 10

   III.   Wheeling Hospital's Complaint States Claims for Which Relief Can Be Granted, and Defendant's 12(b)(6) Motion Must Fail. ................................................................................. 11

      A.   Wheeling Hospital's claims should not be barred because it is seeking independent damages ................................................................................................................................... 11

      B.   The litigation privilege is inapplicable here and has no effect on the propriety of Wheeling Hospital's claims. ................................................................................................... 13

      C.   Wheeling Hospital Properly States a Claim for Abuse of Process as Required by Rule 8 13

   IV.   Wheeling Hospital's Claims are Properly Plead and Meet all of the Requirements in Rule 8(b) of the Federal Rules of Civil Procedure ........................................................................... 15

Conclusion ................................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*U.S. ex rel. Battiata v. Puchalski*,
    906 F. Supp. 2d 451 (D.S.C. 2012)........................................................................8, 11, 15, 16

*Bell Atl. Corp v. Twombly*,
    550 U.S. 544 (2007).............................................................................................4, 5 14, 15

*U.S. ex rel. Burch v. Piqua Eng'g, Inc.*,
    145 F.R.D. 452 (S.D. Ohio 1992).................................................................................11, 12, 13

*Classen Immunotherapies, Inc. v. King Pharms., Inc.*,
    403 F. Supp. 2d 451 (D. Md. 2005)....................................................................................13

*Costa Cruises, Inc. v. Caribbean Tours & Cruises, Inc.*,
    796 F.2d 472 (4th Cir. 1986) .................................................................................................9

*Edwards v. City of Goldsboro*,
    178 F.3d 231 (4th Cir. 1999) ...............................................................................................11

*Ellicott Mach. Corp. v. Modern Welding Co.*,
    502 F.2d 178 (4th Cir. 1974) ...............................................................................................10

*Fayetteville Inv'rs v. Commercial Builders, Inc.*,
    936 F.2d 1462 (4th Cir. 1991) .............................................................................................14

*Frye v. Marshall Cty. Coal Co.*,
    C.A. No. 5:17CV88, 2017 WL 3326762 (N.D.W. Va. Aug. 3, 2017) .....................................4

*Hines v. N. W. Virginia Operations*,
    C.A. No. 1:08CV144, 2009 WL 192446 (N.D.W. Va. Jan. 26, 2009) ....................................4

*Ingle v. Janick*,
    No. 2:14-cv-544-FTM, 2014 WL 6608811 (M.D. Fla. Nov. 20, 2014) ...................................8

*Learning Network, Inc. v. Discovery Commc'ns, Inc.*,
    11 Fed. App'x 297 (4th Cir. 2001) .....................................................................................10

*U.S. ex rel Louis Longo v. Wheeling Hosp.Inc., C.A. No. 17-1654
    (W.D. Pa. Dec. 22, 2017), ECF No. 1....................................................................................3

*LVNV Funding, LLC v. Harling*,
    852 F.3d 367 (4th Cir. 2017), *as amended* (Apr. 6, 2017).......................................................7

*U.S. ex rel. Madden v. Gen. Dynamics Corp.*,
    4 F.3d 827 (9th Cir. 1993) ............................................................................11, 12

*Meekins v. United Transp. Union*,
    946 F.2d 1054 (4th Cir. 1991) ...............................................................................7

*U.S. ex rel. Mikes v. Straus*,
    931 F. Supp. 248 (S.D.N.Y. 1996)...................................................................12, 13

*U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*,
    505 F. Supp. 2d 20 (D.D.C. 2007) .....................................................................8, 12

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    591 F.3d 250 (4th Cir. 2009) ................................................................................4

*Ohio Cty. Dev. Auth. v. Pederson & Pederson, Inc.*,
    C.A. No. 5:09CV27, 2010 WL 391616 (N.D.W. Va. Jan. 26, 2010) ......................4

*Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*,
    556 F.3d 177 (4th Cir. 2009) ................................................................................7

*Painter v. Harvey*,
    863 F.2d 329 (4th Cir. 1988) .............................................................................6, 9

*Peter Farrell Supercars, Inc. v. Monsen*,
    82 Fed. App'x 293 (4th Cir. 2003) .......................................................................6

*Petros v. Boos*,
    C.A. No. 5:10CV77, 2010 WL 4103030 (N.D.W. Va. Oct. 18, 2010)....................7

*Pote v. Jarrell*,
    412 S.E.2d 770 (W.Va. 1991) ..............................................................................15

*Preiser v. MacQueen*,
    352 S.E.2d 22 (W.Va. 1985)................................................................................14

*Ramirez v. Amazing Home Contractors, Inc.*,
    Civil No. JKB-14-2168, 2014 WL 6845555 (D. Md. Nov. 25, 2014)..................7, 9

*Remington Prods. Corp. v. Am. Aerovap, Inc.*,
    192 F.2d 872 (2d Cir. 1951)................................................................................10

*Republican Party of N. Carolina v. Martin*,
    980 F.2d 943 (4th Cir. 1992) ................................................................................4

*U. S. ex rel. Sacks v. Philadelphia Health Mgmt. Corp.*,
    519 F. Supp. 818 (E.D. Pa. 1981) ........................................................................8

*Siebert v. Gene Sec. Network, Inc,*
    Case No. 11-cv-01987-JST, 2013 WL 5645309 (N.D. Cal. Oct. 16, 2013) ............................8

*U.S. ex rel. Stephens v. Prabhu,*
    No. CV-5-92-653, 1994 WL 761237 (D. Nev. Dec. 14, 1994) ...............................................11

*Sue & Sam Mfg. Co. v. B-L-S Const. Co.,*
    538 F.2d 1048 (4th Cir. 1976) ........................................................................................5, 6, 9

*U.S. v. Cancer Treatment Ctrs. of Am.,*
    350 F. Supp. 2d 765 (N.D. Ill. 2004) ....................................................................................8

*Union Carbide Corp. v. Richards,*
    721 F.3d 307 (4th Cir. 2013) ...................................................................................................7

*Wheeling Hosp., Inc. v Longo,*
    No. 5:19-CV-32 (N.D.W. Va. Mar. 13, 2019) ..................................................................2, 3

*Williamson v. Harden,*
    585 S.E.2d 369 (W.Va. 2003) ...............................................................................................15

**Other Authorities**

Fed. R. Civ. P. 8 ....................................................................................................................4, 13, 15

Fed. R. Civ. P. 12 ...............................................................................................................................4

Fed. R. Civ. P. 13 ...............................................................................................................................5

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING HOSPITAL, INC.           )
                                  )
            Plaintiff,            )
                                  )
vs.                               )
                                  )   CIVIL ACTION No. 5:19-CV-00032-FPS
                                  )
LOUIS LONGO                       )
                                  )
            Defendant.            )
_____     )

## WHEELING HOSPITAL'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Wheeling Hospital, Inc. ("Wheeling Hospital") respectfully submits this opposition to the motion to dismiss filed by Defendant Louis Longo (hereinafter referred to as "Defendant").

## INTRODUCTION AND SUMMARY OF ARGUMENT

The False Claims Act does not protect coercive threats and blackmail attempts and Defendant is attempting to use it for exactly that purpose. Prior to filing his *qui tam* action in the Western District of Pennsylvania (the "Pennsylvania Case") under seal, Defendant issued a verbal threat to Wheeling Hospital attempting to obtain a lump sum payment in exchange for foregoing that lawsuit. Seeing Defendant's allegation for what it really was – a desperate attempt to squeeze money out of Wheeling Hospital – it refused to succumb to his baseless threats.

Now, Defendant is attempting to prevent Wheeling Hospital from protecting itself from unfounded allegations by moving to dismiss its Complaint. Defendant claims that Wheeling Hospital does not have a right, as a plaintiff, to choose a forum of convenience and where the witnesses and evidence is located – for its case to be heard. Rather, Defendant asserts that

1

Wheeling Hospital's claims should be litigated together with *his* incorrect assertions of fraud in the Pennsylvania Case. However, neither the law nor the facts underlying the two cases support such a conclusion. In the Pennsylvania Case, the parties will analyze the details and veracity of the allegations that Wheeling Hospital violated the Stark Law, the Anti-Kickback Statute ("AKS"), and the False Claims Act ("FCA") (referred to collectively as the "Federal Statutes"). That will require comprehensive factual testimony from physicians regarding the negotiation of their contracts and their billing practices, as well as accounting employees on coding and technical billing issues.

In this case, Wheeling Hospital claims that Defendant attempted to use coercive tactics to obtain a lump sum payment from Wheeling Hospital in exchange for withholding his claims in the Pennsylvania case. In addition, as Wheeling Hospital's auditor from March 2006 to October 2011, the Defendant regularly issued clean compliance and accounting audit reports. Complaint, *Wheeling Hosp., Inc. v Longo*, No. 5:19-CV-32, at ¶¶14-20 (N.D.W. Va. Mar. 13, 2019) ECF No. 1 ( the "West Virginia Case"). Further, if the information that the Defendant gave to the Government for the Pennsylvania case is to be believed, he continued to keep this alleged fraudulent behavior a secret while he was an Executive Officer for Wheeling Hospital between November 2011 and August 2016. *Id.* at ¶¶21-27. By attempting to extract this payment from Wheeling Hospital, he breached his fiduciary duty and abused the legal process.

In this way, Wheeling Hospital's claims and damages are not dependent on the outcome of the Pennsylvania Case. To the contrary, Wheeling Hospital has the right to file its independent claims in the jurisdiction where it is a citizen, where most of the witnesses reside, and where the majority of the underlying facts occurred.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2017, the Defendant filed his *qui tam* complaint in the Pennsylvania Case. Complaint, U.S. *ex rel* Louis Longo v. Wheeling Hosp.Inc., C.A. No. 17-1654, (W.D. Pa. Dec. 22, 2017), ECF No. 1. In that action, he falsely claimed that Wheeling Hospital defrauded the federal Medicare and Medicaid programs by overpaying certain physicians. Shortly thereafter, on March 12, 2018, the Government served a Civil Investigative Demand ("CID") on Wheeling Hospital indicating that the Government was investigating Wheeling Hospital for violations of the Federal Statutes[1] and requiring it to produce documents based on particularly broad categories and requests. On December 21, 2019, Defendant's Complaint was unsealed in the Pennsylvania Case and, for the first time, Wheeling Hospital learned the identity of the relator as well as the specific allegations against it. Thereafter, and upon the order of the court in the Pennsylvania Case (the "Pennsylvania Court"), the Government filed its Complaint-in-Intervention ("CII") on March 25, 2019 *See id.* at ECF No. 19 The CII expounded on some of the allegations in the Defendant's complaint while electing not to assert others. *Id.*

However, on March 13, 2019, prior to the Government filing its CII in the Pennsylvania Court, Wheeling Hospital filed the instant action, the West Virginia Case, against the Defendant. Wheeling Hospital filed its suit in West Virginia because the facts and legal issues underlying the

---

[1] On that same date, Wheeling Hospital's management company, R&V Associates, Ltd. ("R&V") received an almost identical CID.

instant case are distinct from the Pennsylvania Case and the witnesses, documents and other sources of evidence are located in Wheeling, West Virginia.

## ARGUMENT

### I.     Legal Standard

A motion to dismiss may only be granted when a complaint fails to plead facts that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (citation omitted). A motion made under Rule 12(b)(6) tests the sufficiency of a complaint under Rule 8(a)(2) and does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When a court is deciding on motion to dismiss, the complaint is construed in the light most favorable to the party making the claim, meaning that all well-pled facts are assumed to be true, and all reasonable inferences are drawn in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Ohio Cty. Dev. Auth. v. Pederson & Pederson, Inc.*, C.A. No. 5:09CV27, 2010 WL 391616, at *2 (N.D.W. Va. Jan. 26, 2010).

A Rule 12(b)(6) motion "should be granted only in very limited circumstances," where the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim. *Hines v. N. W. Virginia Operations*, C.A. No. 1:08CV144, 2009 WL 192446, at *1 (N.D.W. Va. Jan. 26, 2009). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." *Frye v. Marshall Cty. Coal Co.*, C.A. No.

5:17CV88, 2017 WL 3326762, at *2 (N.D.W. Va. Aug. 3, 2017) (citing to *Twombly*, 550 U.S. at 555 (2007)).

## II.   The Complaint Should Not Be Dismissed Because Wheeling Hospital's Claims Are Not Compulsory Counterclaims but Instead Are Independent Causes of Action.

If plead in the Pennsylvania Case, Wheeling Hospital's claims of breach of fiduciary duty and abuse of process would be permissive counterclaims. As such, they need not be filed in Pennsylvania at all but instead can be brought in a jurisdiction where, among other requirements, the claims have their own independent jurisdictional basis. This Court has that jurisdiction and it is the most convenient forum for Wheeling Hospital's claims.

### A.   Wheeling Hospital's claims in this action do not arise out of the same transaction or occurrence as the Pennsylvania Case.

Federal Rule of Civil Procedure ("Rule") 13(a) and 13(b) refer to compulsory and permissive counterclaims, respectively. Compulsory counterclaims *must* be stated against an opposing party within the same litigation, if that claim arises out of the same transaction or occurrence, while permissive counterclaims *may*, but are not required to, be brought. *See* Fed. Civ. R. Pro. 13(a) ("A pleading *must* state as a counterclaim any claim that . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a) (emphasis added); *see also* Fed. R. Civ. P. 13(b) ("A pleading *may* state as a counterclaim against an opposing party any claim that is not compulsory.") (emphasis added); *See Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1050–51 (4th Cir. 1976) ("FRCP 13(b) *permits* the filing of a counterclaim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.") (emphasis added).

To determine whether a claim and counterclaim arise out of the same transaction or occurrence, the Fourth Circuit considers four specific questions:

(1) Are the issues of fact and law raised in the claim and counterclaim largely the same?

(2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule?

(3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and

(4) Is there any logical relationship between the claim and counterclaim?

*Sue & Sam Mfg. Co*, 538 F.2d at 1051-1053. Importantly, the underlying thread to each of these questions focuses on whether the evidence between the claim and the counterclaim are similar. *See, e.g., Peter Farrell Supercars, Inc. v. Monsen*, 82 Fed. App'x 293, 298 (4th Cir. 2003) ("The key inquiry…is the evidentiary similarity of the claims."); *Painter v. Harvey,* 863 F.2d 329, 331 (4th Cir. 1988) ("[T]here is an underlying thread to each of them in this case: evidentiary similarity.").

Wheeling Hospital's claims here are not and could not be compulsory counterclaims in the Pennsylvania Case. First, the issues of fact and law are distinct. The Stark Law, AKS, and the FCA are central to the Pennsylvania Case. So much so that the Government spent thirteen pages of its CII describing the details of each. Comparatively, Wheeling Hospital's complaint in this action barely mentions any of the Federal Statutes. It follows that the evidence required in the Pennsylvania Case will include complex and detailed expert and factual testimony related to Wheeling Hospital's medical billing processes, the negotiation of Wheeling Hospital's physician contracts, and the Federal Statutes themselves. On the contrary, this case will involve little, if any, testimony on these issues. Instead, the focus will be on the Defendant's professional history in relation to Wheeling Hospital, first as an auditor and later as an Executive, as well as statements made evidencing his attempt to extort payments from Wheeling Hospital in exchange for withholding his allegations in the Pennsylvania Case.

Second, res judicata would not bar this suit. Res judicata will only bar a party's claim if the following three elements are met: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)(citation omitted). *See also LVNV Funding, LLC v. Harling*, 852 F.3d 367, 373 (4th Cir. 2017), *as amended* (Apr. 6, 2017); *Union Carbide Corp. v. Richards*, 721 F.3d 307, 315 (4th Cir. 2013); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991); *Petros v. Boos*, C.A. No. 5:10CV77, 2010 WL 4103030, at *1 (N.D.W. Va. Oct. 18, 2010). Res judicata could not apply here because not only are the parties different in this matter but the causes of action, as explained above, are entirely separate.

Third, also as identified above, the evidence that will be presented in the two cases are largely distinct. Fourth, and in sum, the only logical relationship between the two cases is that the parties in this matter are both in the Pennsylvania Case because they shared an employee-employer relationship.[2] This relationship alone is insufficient to label the counterclaim as compulsory. *See Ramirez v. Amazing Home Contractors, Inc.*, Civil No. JKB-14-2168, 2014 WL 6845555, at *4 (D. Md. Nov. 25, 2014) ("[The employee-employer relationship] alone, however, does not justify labeling the counterclaim as compulsory.").

Critically, Defendant does not and cannot cite any cases in which counterclaims for breach of fiduciary duty or abuse of process in response to an FCA claim, generally, *must* be considered compulsory counterclaims. Few of these cases, with this specific series of claims, exist in the Fourth Circuit, with only a small number of others appearing outside of this jurisdiction. In some

---

[2] Importantly, the Government, R&V, Wheeling Hospital's Chief Executive Officer Ronald L. Violi are the additional parties in the Pennsylvania Case.

of those, this issue is not raised at all.[3] In many that do address this issue, several note that these counterclaims are likely permissive, if they are distinct and could stand alone as independent actions. *U.S. v. Cancer Treatment Ctrs. of Am.*, 350 F. Supp. 2d 765, 770 (N.D. Ill. 2004) (recognizing an FCA claim and a breach of fiduciary duty counterclaim while also explaining that the "Defendant could bring its counterclaim independent of relator's *qui tam* action."); *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 505 F. Supp. 2d 20, 27 (D.D.C. 2007) (insinuating that a breach of fiduciary counterclaim in response to an FCA claim is a permissive counterclaim when the "conduct at issue is distinct from the conduct underlying the FCA case.").

There is only one case that includes these sets of claims and counterclaims and asserts that a breach of fiduciary duty counterclaim that is dependent on the FCA claim is compulsory. *Siebert v. Gene Sec. Network, Inc*, Case No. 11-cv-01987-JST, 2013 WL 5645309, at *6 (N.D. Cal. Oct. 16, 2013). Defendant cites this case in its Motion to Dismiss but fails to accurately describe the proposition for which it stands. In *Siebert*, the court found that an FCA defendant's breach of fiduciary duty counterclaim is compulsory if it essentially argues that "the relator should have become a relator sooner, or that he should have informed the defendant before informing the government." *Id.*

However, Defendant fails to inform this Court that *Siebert* also explains that a breach of fiduciary duty claim can be brought as an independent claim "where the conduct at issue is distinct from the conduct underlying the FCA case." *Id.* at *5 (citing *U.S. ex rel. Miller,* 505 F.

---

[3] *See U.S. ex rel. Battiata v. Puchalski*, 906 F. Supp. 2d 451 (D.S.C. 2012) (recognizing a breach of fiduciary duty and abuse of process counterclaim in response to an FCA claim but failing to analyze whether either of these were compulsory or permissive counterclaims); *Ingle v. Janick*, No. 2:14-cv-544-FTM, 2014 WL 6608811, at *2 (M.D. Fla. Nov. 20, 2014) (noting defendant's counsel's assertion that he could bring a breach of fiduciary duty and abuse of process counterclaims in response to an FCA claim but not addressing whether this would be a permissive or compulsory counterclaim); *U. S. ex rel. Sacks v. Philadelphia Health Mgmt. Corp.*, 519 F. Supp. 818 (E.D. Pa. 1981) (dismissing an abuse of process counterclaim following an FCA claim without addressing whether the counterclaim was permissive or compulsory).

Supp. 2d 20). "This can be so even where there is a close nexus between the facts, so long as there is a clear distinction between the facts supporting liability against relator and the facts supporting liability against the FCA defendant." *Id.*

As outlined above, Wheeling Hospital is not making the argument that Defendant should have informed it of Defendant's claims or suspicions. Instead, Wheeling Hospital opposes the apparent belief by Defendant that he can attempt extort payments out of Wheeling Hospital in exchange for withholding his relator claims. These threats breached the fiduciary relationship by attempting to obtain a pecuniary benefit by misusing the legal system. As such, these are not compulsory counterclaims.

### B. Wheeling Hospital need not file these claims in the Pennsylvania Case because they are not compulsory counterclaims.

Wheeling Hospital's claims in this action are not compulsory counterclaims that were required to be pled in the Pennsylvania Case. Instead, Wheeling Hospital is entitled to file these claims in any court that has both personal and subject matter jurisdiction over its claims. *Costa Cruises, Inc. v. Caribbean Tours & Cruises, Inc.*, 796 F.2d 472, at *2 (4th Cir. 1986) (noting that permissive counterclaims can be treated as separate actions). Moreover, the Fourth Circuit treats permissive counterclaims as jurisdictionally sufficient to be their own independent causes of action. *Painter v. Harvey,* 863 F.2d 329, 331 (4th Cir.1988) ("If the counterclaim is permissive, however, it must have its own independent jurisdictional base."); *see also Sue & Sam Mfg. Co,* 538 F.2d at 1051 ("[A] permissive counterclaim must have an independent jurisdictional basis . . . ."); *Ramirez* 2014 WL 6845555, at *5 (analyzing this issue and holding that "until the United States Court of Appeals for the Fourth Circuit abrogates its decisions in *Painter* and *Sue & Sam Mfg.*, federal courts may not exercise supplemental jurisdiction over permissive counterclaims.").

As appropriately pled in the complaint, this case was filed in federal court on the basis of diversity jurisdiction. Not only is jurisdiction appropriate in this Court, it is also a more convenient forum. The facts of these claims bear little relation to the Pennsylvania Case. On the other hand, all of the operative facts alleged in this complaint occurred in this jurisdiction, Wheeling Hospital is located here, and most of the fact witnesses are here.

### C. This case should proceed because the First to File rule dictates this jurisdiction is the most convenient for these claims.

Within one sentence, Defendant asserts that the federal doctrine of comity dictates that this Court should presume that the Pennsylvania Case should proceed while this one is abated. *See* Defendant's Motion 9. However, Defendant does not tell this Court that the "first to file" principle identifies that "the first suit should have priority *absent the showing of balance of convenience in favor of the second action*." *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974) (emphasis added) (omitting internal quotations); *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 Fed. App'x 297, 300 (4th Cir. 2001) ("The Fourth Circuit has recognized the "first to file" rule of the Second Circuit, giving priority to the first suit absent showing of a balance of convenience in favor of the second.) (citing *Ellicott Mach. Corp.* at 180); *Remington Prods. Corp. v. Am. Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951).

The balance of convenience weighs heavily in this action proceeding. The only fact that might tilt in favor of abating this action is that the Defendant is a Pennsylvania resident. However, Wheeling Hospital is the central party in this action and is located 3.3 miles from this federal courthouse. The Defendant's relationship to Wheeling Hospital through his separate fiduciary positions will be critical. Moreover, the likely witnesses live in West Virginia, many of whom will be current and former employees of Wheeling Hospital. Lastly, this case is based on

West Virginia state law. This court will have more experience with West Virginia law than a Pennsylvania court. The balance of convenience leads to continuing this action in this Court.

### III.   Wheeling Hospital's Complaint States Claims for Which Relief Can Be Granted, and Defendant's 12(b)(6) Motion Must Fail.

Defendant's Motion asserted both claims and facts that mischaracterize Wheeling Hospital's complaint. Wheeling Hospital has neither alleged contribution or indemnity damages nor has it claimed defamation. Moreover, Defendant based his argument that Wheeling Hospital failed to state a claim upon which relief can be granted, on an *entirely* factual issue: whether Defendant improperly used the FCA. Such an argument on a motion to dismiss automatically fails, where the court must assume as true the facts plead in Wheeling Hospital's complaint, and draw all reasonable inferences in its favor. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

#### A.   Wheeling Hospital's claims should not be barred because it is seeking independent damages.

Unlike Defendant's allegations in the Pennsylvania Case, Wheeling Hospital is seeking independent damages, entirely separate from any potential liability in the *qui tam* action. These independent damages are not only permitted, but are widely recognized. *U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 831 (9th Cir. 1993) (citing to *U.S. ex rel. Burch v. Piqua Eng'g, Inc.,* 145 F.R.D. 452 (S.D. Ohio 1992) ("We conclude that denying a qui tam defendant recourse to damages offends procedural due process"); *U.S. ex rel. Battiata v. Puchalski*, 906 F. Supp. 2d 451, 460 (D.S.C. 2012); *U.S. ex rel. Stephens v. Prabhu*, No. CV-5-92-653, 1994 WL 761237, at *1 (D. Nev. Dec. 14, 1994).

Independent damages are those "that would exist regardless of a defendant's liability in the *qui tam* action." *See U.S. ex rel. Battiata v. Puchalski*, 906 F. Supp. 2d 451, 460 (D.S.C. 2012). On the other hand, dependent damages only have the effect of offsetting liability. *See U.S. ex rel.*

11

*Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 830-831 (9th Cir. 1993). Dismissal of a defendant's claims should be denied when a reasonable inference can be drawn that the damages sought are independent. *See U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 830 (9th Cir. 1993).

Courts have focused on the distinction between dependent and independent damages in this context. "These cases recognize that not all counterclaims in FCA cases will be contrary to the statute's interests, and that there would be real due process concerns if *all* counterclaims were to be barred." *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 505 F. Supp. 2d 20, 26–27 (D.D.C. 2007). *See also, e.g.*, *U.S. ex rel. Mikes v. Straus*, 931 F. Supp. 248, 263 (S.D.N.Y. 1996) (permitting counterclaim for extortion, to be tried separately); *Burch ex rel. U.S*, 145 F.R.D. at 457 (permitting counterclaims for breach of duty of loyalty, breach of fiduciary duty, breach of duty of fair representation and defamation).

Illustratively, in *Burch,* the court held defendants' claims for breach of fiduciary duty, among others, were independent. *Id.* at 456-57. The court so held, in part because defendants' allegations involved plaintiffs' actions in making false statements to the media with information acquired during their employment with defendants. *See Id.* Likewise, in *Mikes v. Straus*, the court permitted defendants' extortion claim against the relator in that action. *U.S. ex rel. Mikes v. Straus*, 931 F. Supp. 248, 262 (S.D.N.Y. 1996). The *Mikes* defendants alleged "the relator attempted to extort money from defendants by threatening to make life difficult for defendants if they refused to pay her a sum of money and that this lawsuit is a vindictive act of extortion." *Id.* The court reasoned that this claim sought independent damages from defendants' potential liability under the FCA, and therefore permitted the claim to be brought in a separate trial. *Id.*

Here, like in *Burch* and *Mikes*, both of Wheeling Hospital's claims seek damages that are independent from any potential liability in the FCA suit. The breach of fiduciary duty and abuse

of process claims made by Wheeling Hospital are based on false statements made by Defendant like in *Burch* and are almost identical to the underlying facts of the extortion claim in *Mikes*. As a result, these claims are based in independent damages and are, thus, viable.

**B.  The litigation privilege is inapplicable here and has no effect on the propriety of Wheeling Hospital's claims.**

Defendant misreads the complaint once more when he speaks of a defamation claim. Defendant Mot. to Dismiss at 13. Wheeling Hospital does not assert a defamation claim but instead, in support of its causes of action, posits that Defendant publicized false statements to further his extortion scheme. As a result, the litigation privilege has no applicability here, and Defendant's argument is a red herring. Moreover, Defendant fails to identify any persuasive case law supporting a litigation privilege under this set of facts.

But, even if Wheeling Hospital *had* asserted a standalone defamation claim (and it does not do so) such a claim would not be barred. The litigation privilege protects "statements uttered in the course of a trial or contained in pleadings, affidavits, depositions and other documents directly related to the case partake of this privilege," but the privilege does not extend to extrajudicial publications, even if related to the litigation, made outside of the purview of the judicial proceeding. *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 460 (D. Md. 2005). Defendant's threats of extortion are exactly the type of statements that are not protected by the litigation privilege. *See* Compl. at ¶ 28. Though related to the litigation, they were made outside the purview of the judicial proceeding. The litigation privilege does not protect coercive threats.

**C.  Wheeling Hospital Properly States a Claim for Abuse of Process as Required by Rule 8**

Wheeling Hospital appropriately plead a claim for abuse of process under the requirements of Rule 8. As previously explained, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires

13

only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal quotes omitted). It is not necessary for a plaintiff to come forward with all of the facts of a case whenever a defendant files a motion to dismiss. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). Here, Wheeling Hospital has more than satisfied the requirements of Rule 8.

"Abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." *Preiser v. MacQueen*, 352 S.E.2d 22, 28 (W.Va. 1985). Wheeling Hospital has plead exactly that in its complaint, by asserting that Defendant "willfully and maliciously misused and misapplied a legal process to accomplish a purpose not intended or warranted by that process." Compl. at ¶ 54. Defendant's argument to dismiss here asserts that Wheeling Hospital "failed to allege any facts that support that Defendant did anything improper after filing his December 2017 complaint under seal in the Pennsylvania Case or that he used the FCA proceeding in any way for which it was not intended." Defendant Mot. to Dismiss at 14. This is simply not true. By alleging in its complaint that Defendant has maliciously and willfully misused a legal process for the purpose of obtaining a pecuniary award and inflicting harm on the hospital, Wheeling Hospital is necessarily alleging that Defendant did something improper before, during *and* after the filing of the 2017 FCA case. Compl. at ¶ 54-55.

Additionally, Defendant misreads the case law when he asserts the only issue of relevance is whether the alleged abuse or perversion is *after* the process has been issued. Defendants Motion 14. Rather, as the Supreme Court of West Virginia has emphasized, "[t]he authorities are practically unanimous in holding that to maintain the action [for abuse of process] there must be

*proof of a willful and intentional abuse or misuse of the process for the accomplishment of some wrongful object*—an intentional and willful perversion of it to the unlawful injury of another." *Williamson v. Harden*, 585 S.E.2d 369, 372 (W.Va. 2003) (emphasis added)(citation omitted), *see also Pote v. Jarrell*, 412 S.E.2d 770, 774 (W.Va. 1991). Wheeling Hospital claims exactly that. Defendant is misusing the FCA willfully and intentionally for the accomplishment of a wrongful object: to obtain a pecuniary award and inflict unlawful harm on Wheeling. Compl. at ¶ 54-55. As a result, Wheeling Hospital has met the pleading requirements of Rule 8, and Defendant's Motion to Dismiss must be denied.

**IV.     Wheeling Hospital's Claims are Properly Plead and Meet all of the Requirements in Rule 8(b) of the Federal Rules of Civil Procedure**

Redundantly, Defendant asserts as a final catch-all that both of Wheeling Hospital's claims fail to meet the requirements of Rule 8(b). As has already been discussed above, Wheeling Hospital appropriately met the requirements of Rule 8 in pleading both of its claims, as they both "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. First as to its Breach of Fiduciary Duty Claim, Wheeling Hospital has certainly provided more than "naked assertions devoid of further factual enhancements" in its pleading. Though Defendant deceptively reduces Wheeling Hospital's claim to one sentence, the detail of the claim is set out in five subparts within the complaint, providing enough information to show that (1) Wheeling Hospital is entitled to relief, and (2) giving fair notice to Defendant of what the claim is and the grounds upon which it rests. *Id*.

As to the second count for Abuse of Process, which was explained in detail above, Wheeling Hospital has also sufficiently plead facts supporting the claim. Defendant's arguments to the contrary are unpersuasive. For example, in *U.S. ex rel. Battiata*, which Defendant heavily relies on, the court dismissed the abuse of process claims because the *qui tam* defendants had not

15

alleged any "factual allegations which would support an inference that Plaintiffs have undertaken a willful act in the use of the process not proper in the conduct of the proceeding." *U.S. ex rel. Battiata v. Puchalski*, 906 F. Supp. 2d 451, 460 (D.S.C. 2012). Unlike the defendants in *Battiata*, Wheeling Hospital has asserted allegations directly supporting an inference that Defendant undertook improper, willful acts in the use of the FCA process. Notably, referring to this process as "Lou's Revenge," *see* Compl. ¶ 56, and asserting misuse of the process itself solely to inflict harm on Wheeling Hospital and obtain a pecuniary award, *see* Compl. ¶ 54-56.

Despite Defendant's efforts to the contrary, Wheeling Hospital's complaint was appropriately and sufficiently pled, in its entirety. Accordingly, Defendant's Motion to Dismiss should be denied.

## CONCLUSION

For the foregoing reasons, Wheeling Hospital respectfully requests that this Court deny Defendant's Motion to Dismiss and allow Wheeling Hospital's claims to proceed as allowed under the law.

WHEELING HOSPITAL, INC., Plaintiff,

BY:     /s/  Marc B. Chernenko
        Marc B. Chernenko
        West Virginia State Bar No. 714
        William E. Watson Associates
        800 Main Street
        Wellsburg, West Virginia 26070
        Telephone: (304) 737-0881
        Email: wewalaw@aol.com

        *and*

        Roscoe C. Howard, Jr.
        William Martin

16

C. David Paragas
Meena T. Sinfelt
Barnes & Thornburg LLP
1717 Pennsylvania Avenue N.W., Suite 500
Washington, D.C.  20006-4623
Telephone: (202) 371-6378
Roscoe.Howard@btlaw.com
William.Martin@btlaw.com
David.Paragas@btlaw.com
Meena.Sinfelt@btlaw.com
*Admitted pro hac vice*

*Counsel for Wheeling Hospital, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING HOSPITAL, INC.,      :
                                    :     CIVIL ACTION NO.  5:19-CV-32 (Stamp)
        Plaintiff,         :
                                      :
v.                                    :
                                      :
LOUIS LONGO,              :
                                      :
        Defendant.       :

## <u>CERTIFICATE OF SERVICE</u>

I, Marc B. Chernenko, undersigned counsel for Wheeling Hospital, Inc., do hereby certify that on this 20th day of May, 2019, I have electronically filed the foregoing *Wheeling Hospital's Memorandum of Law in Opposition in Opposition of Defendant's Motion to Dismiss* CM/ECF filing system which will send notification of such filing to appropriate CM/ECF participants:

Sharon L. Potter
Spilman, Thomas & Battle, PLLC
P.O. Box 831
Wheeling, WV  26003
(304) 230-6960
Email:  spotter@spilmanlaw.com

Michael S. Garrison, Esq.
Spilman, Thomas & Battle, PLLC
P.O. Box 615
Morgantown, WV  26507
(304) 291-7920
Email:  mgarrison@spilmanlaw.com

Counsel for Defendant Louis Longo


_____/s/  Marc B. Chernenko_____
Marc B. Chernenko, Esq.