# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **WHEELING HOSPITAL, INC.,** | |
| Plaintiff, | Civil Action No. 5:19-CV-32 |
| vs. | Hon. Frederick P. Stamp Jr. |
| **LOUIS LONGO,** | |
| Defendant. | |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I. **<u>Contents</u>**

II. WHEELING HOSPITAL'S ARGUMENT IN THE PENNSYLVANIA CASE DIRECTLY CONTRADICTS POSITIONS IT NOW TAKES IN THIS CASE. ........................................ 3

III. WHEELING HOSPITAL'S CLAIMS ARE COMPULSORY COUNTERCLAIMS TO THE EXISTING PENNSYLVANIA ACTION AND ARE "RELATED" BY WHEELING HOSPITAL'S OWN ADMISSION. ........................................................................................ 5

    *A. Wheeling Hospital's claims rely on the first filed FCA action, requiring that the two cases share questions of fact, law, and evidence. ............................................................... 5*

    *B. Wheeling Hospital substantially misrepresents the case law on compulsory counterclaims, and cites no cases which either counter the preponderance of authority or support filing a completely separate lawsuit against a Relator in a different court. ......... 7*

    *C. Wheeling Hospital alone bears the burden of demonstrating that a balance of convenience may favor the second filed action, and it fails to bear that burden. .............. 9*

IV. THE COMPLAINT STILL FAILS TO STATE A CLAIM AS A MATTER OF LAW, AND SHOULD BE DISMISSED WITH PREJUDICE. ................................................................. 10

    *A. Wheeling Hospital still fails to state a claim for abuse of process. ............................. 10*

    *B. Wheeling Hospital still fails to state a claim for breach of fiduciary duty. ................. 11*

        1. Wheeling Hospital fails to address Longo's arguments regarding barred claims. ...................................................................................................................... 11

        2. Wheeling Hospital's claims are not analogous to the claims in Burch and Mikes as a matter of fact or law. ............................................................................ 12

        3. Litigation privilege is relevant to Wheeling Hospital's claims as originally pled, and continues to bar its claims. .................................................................. 13

V. CONCLUSION ............................................................................................................... 14

Defendant Louis Longo ("Longo"), by and through undersigned counsel, respectfully submits this Reply to Plaintiff Wheeling Hospital's ("Wheeling Hospital") Response in Opposition to its Motion to Dismiss ("Opposition"). For the reasons in Longo's Motion to Dismiss and below, the Court should dismiss this matter.

Wheeling Hospital's Opposition mischaracterizes the law, Longo's Motion to Dismiss, and even its own Complaint. Rather than responding to the Western District of Pennsylvania complaint filed by Longo (in which the Department of Justice intervened) that alleges healthcare fraud (the "Pennsylvania Case"), Wheeling Hospital filed what should have been counterclaims as a separate action in this Court against Longo. Wheeling Hospital has not cited a single case in which claims were brought against a Relator as a separate lawsuit instead of as counterclaims in the original False Claims Act action. This strategic move is inconsistent with Wheeling Hospital's arguments in the Pennsylvania Case and is in contravention of the Rules of Federal Civil Procedure and long-standing principles of comity.

Wheeling Hospital's attempt to re-frame this case in its Opposition to the Motion to Dismiss as a wholly-separate matter from the Pennsylvania Case does not save its Complaint from the legal deficiencies requiring its dismissal. Furthermore, because Wheeling Hospital's thinly pled Complaint asserts facts and allegations that—while untrue—are based upon Longo's filing of his now-intervened False Claim Act case, any claims not dismissed with prejudice by this Court must be brought as compulsory counterclaims in the Pennsylvania Case.

## II.     Wheeling Hospital's Argument in the Pennsylvania Case Directly Contradicts Positions It Now Takes in This Case.

In December 2017, Longo filed his FCA Complaint against Wheeling Hospital, its CEO Ron Violi (a Pennsylvania resident), and R & V Associates, Ltd. (a Pennsylvania Corporation) in the Western District of Pennsylvania. *United States of America ex rel. Louis Longo v. Wheeling*

3

*Hospital, Inc. et al.,* No. 17-cv-1654 (W.D. Pa.).  After a year of investigating Longo's allegations, the United States found merit to many of his claims, and intervened in part.  The United States announced its intervention in December 2018, and filed its Complaint in Intervention on March 25, 2019.  Gov't Compl. *Longo v. Wheeling*. Case 2:17-cv-01654-MJH. (W.D. Pa.), ECF No. 19 (attached as Exhibit "D").[1]  Three months after DOJ publicly announced its intervention, Wheeling Hospital filed this Complaint in this Court, rather than properly bringing these claims as compulsory counterclaims in the Pennsylvania Case.  *Compl.* (Dkt. Entry No. 1).

Longo moved to dismiss this Complaint on May 3, 2019, arguing that Wheeling Hospital's claims are compulsory counterclaims in the Pennsylvania Case.  Shortly thereafter, Wheeling Hospital filed a Motion to Transfer the Pennsylvania Case to this district.  *See* Def. Motion to Transfer Venue. *Longo v. Wheeling*. Case 2:17-cv-01654-MJH. (W.D. Pa.), ECF No. 27 (attached as Exhibit "E").  The United States and Longo have objected to that request to transfer venue and filed a Response in Opposition to the Motion.  *See* Pl. Opp. to Motion to Transfer Venue, *Longo v. Wheeling*. Case 2:17-cv-01654-MJH. (W.D. Pa.), ECF No. 43 (attached as Exhibit "F").  Wheeling Hospital filed a Reply.  *See* Def. Reply to Motion to Transfer Venue, *Longo v. Wheeling*. Case 2:17-cv-01654-MJH. (W.D. Pa.), ECF No. 45 (attached as Exhibit "G").

Wheeling Hospital argues to the Pennsylvania Court in its transfer motion that the long-standing Pennsylvania Case should be transferred to the Northern District of West Virginia where it is pursuing a "*related action*".  *See* Exhibit "E", at 12 (emphasis added).  However, in this Court, Wheeling Hospital attempts to portray the cases as wholly unrelated.  Wheeling Hospital cannot have it both ways.

---

[1] The numbering of Defendant's exhibits are in sequence to those filed with the Motion to Dismiss.

### III. Wheeling Hospital's Claims are Compulsory Counterclaims to the Existing Pennsylvania Action and are "Related" by Wheeling Hospital's Own Admission.

*A. Wheeling Hospital's claims rely on the first filed FCA action, requiring that the two cases share questions of fact, law, and evidence.*

A compulsory counterclaim is a claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" Fed. R. Civ. P. 13.  Although Wheeling Hospital has tried to distance this case from the Pennsylvania Case in its Opposition to the Motion to Dismiss, the claims here arise out of the same transaction or occurrence as the Pennsylvania Case.

Here, Wheeling Hospital claims a breach of fiduciary duty based on at least five different theories of liability, and also attempts to state a claim for abuse of process.  *Compl.* (Dkt. Entry No. 1) at ¶ 47-52.  Wheeling Hospital's case against Longo is tied to its repeated assertion that the original FCA complaint in Pennsylvania was a "false and meritless legal action," and that Longo breached a fiduciary duty by attempted "extortion." *Id*. at ¶ 48.  Wheeling Hospital emphasizes the link between the two pending cases in its own Motion to Transfer the Pennsylvania Case to West Virginia, when it noted this later-filed West Virginia case involves a

> breach of [Longo's] fiduciary duties *related to the false allegations* and claims he asserted against Wheeling Hospital in this case. *See Wheeling Hospital, Inc. v. Longo*, Case No. 5:19-cv-00032-FPS (N.D. W.Va. Filed: Mar. 13, 2019). (Ogletree Decl. ¶ 3, Ex. B.)

*Longo v. Wheeling*. Case 2:17-cv-01654-MJH. (W.D. Pa.), ECF No. 27 at 2.  (emphasis added). Wheeling Hospital also argues to the Pennsylvania Court that, as a matter of judicial economy, the case should be transferred to this Court where Wheeling Hospital already is pursuing "*its related action*" against the Relator.  *Id.* at 12 (emphasis added).

In addition to admitting the strong link between the cases in its Motion to Transfer, Wheeling Hospital explicitly mentions the Pennsylvania Action ten (10) times in its Complaint

5

here. *Compl.* (Dkt. Entry No. 1) at ¶ 29, 30, 31, 36, 43, 49, 50, 54, 55, 56. Wheeling Hospital's Complaint against Longo was not filed when the alleged "extortion"—which Longo disputes—occurred. Wheeling Hospital only filed this matter after it was on notice that the United States was about to file a Complaint in Intervention in the Pennsylvania Case and months after that case was unsealed.

Regardless of how Wheeling Hospital now attempts to characterize the actions, the claims alleged in this case are inextricably interwoven with the Pennsylvania Case. In addition to the 10 paragraphs, out of its 58 paragraph Complaint, which explicitly mention the Pennsylvania Case, additional paragraphs reference concepts central to the federal laws that Wheeling Hospital also tries to distance itself from in this case. Specifically, in its Complaint it references key concepts regarding the Stark and Anti-kickback law allegations including "fair market value", "physician compensation", "physician contracts" and "commercial reasonableness." *See Compl.* (Dkt. Entry No. 1) at ¶ 32, 33, 37, 38 and 40. Given the allegations in Wheeling Hospital's Complaint, there will certainly be overlap in the witnesses and testimony, legal concepts and federal law underlying both cases.

For example, key factual and legal questions are shared by the two cases. Assertions that a breach of fiduciary duty occurred due to "false and meritless legal action," the uttering of "false statements" or "defaming Wheeling hospital and its physicians, its management and leadership teams," *Compl.* (Dkt. Entry No. 1) at ¶ 48, require an investigation of the underlying truth of the FCA allegations themselves. An allegation that Longo breached a fiduciary duty because he "concoct[ed] circumstances" to create a claim for damages similarly requires an investigation into those circumstances, *i.e.*, the pay and incentive structures of the physicians, and whether physician compensation took into account referrals. *Id.* Resolving the underlying questions of federal law

in the FCA case is therefore essential to resolving the state law claims, as pleaded, in the present case.

It follows that the same evidence—including witnesses and documents—will be required to make these determinations of whether, as Wheeling Hospital claims, the FCA allegations were meritless.  Similarly, it is not true that "the only logical relationship between the two cases is that the parties … shared an employee-employer relationship." *Opp*. (Dkt. Entry No. 25) at 7.  This is not a simple employment dispute.  The Pennsylvania Case *itself* is at the core of Wheeling Hospital's claim, creating a logical and inextricable relationship between the cases.

> B. *Wheeling Hospital substantially misrepresents the case law on compulsory counterclaims, and cites no cases which either counter the preponderance of authority or support filing a completely separate lawsuit against a Relator in a different court.*

In its Opposition, Wheeling Hospital claims that several cases "note that these counterclaims are likely permissive." *Opp*. (Dkt. Entry No. 25) at 8.  Wheeling Hospital has mischaracterized the cited case law regarding compulsory counterclaims under Federal Rule of Civil Procedure 13 (and thus mischaracterizes Longo's briefing of the related law).

Under a Rule 13 analysis, a counterclaim is either compulsory (which must be brought in the same action) or permissive (which may be brought in a separate action).  "Permissive" in this context means a claim that does not arise out of the same transaction or occurrence, or that must be brought against third parties not subject to the court's jurisdiction.  Under the independent/dependent analysis, a counterclaim is either an impermissible dependent claim (where counterclaim damages would essentially or effectively offset FCA damages) or a permissible independent claim (where damages are distinct from FCA liability).  "Permissible" in this context means that public policy allows the claim to be brought at all.

Wheeling Hospital has confused Rule 13 analysis—motivated by judicial economy, to determine if a claim *must* be brought in an existing action—with the test for whether a claim's damages are "independent" or a "dependent" False Claims Act counterclaim—a public-policy-motivated test which determines if a claim is permissible, or should be dismissed at the summary judgment stage.  A claim may be both a compulsory counterclaim under Rule 13 and an "independent" claim which is permissible as a matter of public policy.

The cases Wheeling Hospital relies upon to support its Rule 13 analysis that the claims here are "permissive" counterclaims do not discuss the Rule 13 test at all.  *U.S. v. Cancer Treatment Ctrs. of Am.* allowed a counterclaim to proceed as "independent" against the public policy objections of the FCA Relator.  350 F. Supp. 2d 765, 770 (N.D. Ill. 2004).  Similarly, *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.* discusses independent counterclaims in the context of what claims may or may not be pursued as a matter of public policy.  505 F. Supp. 2d 20, 27 (D.D.C. 2007).  Neither of these cases discuss Rule 13 or its test nor stand for the proposition that these were "permissive counterclaims".

Wheeling Hospital's characterization of *Siebert* similarly conflates the issues.  Under *Siebert's* Rule 13 analysis, the counterclaims were considered compulsory.  Wheeling Hospital's Opposition misleadingly cites language where the court discusses—after determining the counterclaims were compulsory—the entirely separate issue of dependent and independent claims to support its Rule 13 analysis.  *Siebert v. Gene Sec. Network, Inc*, Case No. 11-cv-01987-JST, 2013 WL 5645309 (N.D. Cal. Oct. 16, 2013).  Further, Wheeling Hospital erroneously equates the "independent" claims in these cases with "permissive", as opposed to compulsory, counterclaims.  That is not what the term "independent" means in this context.  As *Siebert* notes: "The use of the word 'independent' has led to some confusion, and courts would be better served to describe the

8

permissible claims as 'not dependent on the fact of FCA liability.'" *Id.* at *5.

Thousands of False Claims Act cases have been filed across the country, and counterclaims have been asserted against Relators in some of these cases with varying degrees of success. In every such case cited by Wheeling Hospital, claims against Relators were brought as counterclaims to the underlying FCA case. As the Ninth Circuit noted in *Madden,* "a *qui tam* defendant's counterclaims will often be compulsory under Federal Rule of Civil Procedure 13. As a result, a *qui tam* defendant is required to bring the counterclaims in the relator's suit or risk being unable to raise them in a subsequent proceeding." *United States ex rel. Madden v. General Dynamics Corp.*, 4 F.3d 827, 831 (9th Cir. 1993).[2]

Defendant Longo is aware of no case—and Wheeling Hospital cites no case—that supports what Wheeling Hospital has attempted to do here: file counterclaims as a new lawsuit, in a new forum, despite an existing and intervened FCA case.

### C. *Wheeling Hospital alone bears the burden of demonstrating that a balance of convenience may favor the second filed action, and it fails to bear that burden.*

Wheeling Hospital alone bears the burden of showing that a balance of convenience may favor this West Virginia action—an analysis which "mirror[s] the convenience factors from the § 1404(a) [venue transfer] analysis"—and has failed to carry this substantial burden. *See Wenzel v. Knight*, 2015 WL 222179, at *2 (E.D. Va. Jan. 14, 2015).

These issues have been discussed in detail in the briefing on the Motion to Transfer in the Pennsylvania Case, which is currently pending before the Court there and is set for oral argument on June 4, 2019. *See* Exhibits E, F, and G. As more fully described in the United States and

---

[2] Indeed, the finding that most *qui tam* Defendant counterclaims are compulsory was pivotal to *Madden's* holding that certain independent damages must be allowed, because a blanket prohibition on counterclaims which are compulsory would pose procedural due process issues. *Id.*

Longo's Opposition to that Motion to Transfer, neither the private nor the public factors show that this forum is more convenient than the Western District of Pennsylvania.

### IV. The Complaint Still Fails to State a Claim as a Matter of Law, and Should be Dismissed With Prejudice.

Notwithstanding the fact that Wheeling Hospital's claims should have been brought as counterclaims in the Pennsylvania Case, the claims should also be dismissed under Rule 12(b)(6) and Rule 8(a).

#### A. *Wheeling Hospital still fails to state a claim for abuse of process.*

Wheeling Hospital mischaracterizes the law regarding abuse of process, and it cannot use its Opposition to replead its deficient Complaint. Wheeling Hospital's Opposition recites—five times in two paragraphs—a partial quote from *Presier* (or cases quoting *Presier*) regarding willful or malicious misuse of process. *Pote v. Jarrell*, 186 W.Va. 369 (W.Va. 1991)[3], citing *Preiser v. MacQueen,* 177 W. Va. 273, 279 (W.Va. 1985); *Williamson v. Harden*, 585 S.E.2d 369, 372 (W.Va. 2003), citing *Preiser*, 177 W. Va. at 279. Wheeling Hospital ignores the multiple citations presented by Longo in his Motion to Dismiss, including *Preiser*, which emphasize that an abuse of process claim must include misconduct, outside of the realm of "regular prosecution," *after* process has issued. *See also Schenzel v. Enterprise Rent-A-Car Co. of Kentucky*, 2002 WL 31427029, at *4 (S.D.W.Va. Oct. 30, 2002) (dismissing abuse of process claim and stating the requirement that a willful act be committed *after* commencement of the suit).[4]

---

[3] *Pote*, in contrast to this allegation, offers an excellent example of a cognizable abuse of process claim. In *Pote*, the defendant caused damage to the plaintiff's bulldozer. The plaintiff, in accordance with the law, filed a complaint for a warrant against the defendant. 186 W.Va. at 774. When the defendant offered to reimburse the plaintiff for some, but not all, of his requested damages, the plaintiff threatened to use the warrant to have the defendant arrested unless he paid the entire amount. *Id.* The defendants in *Pote* thus misapplied the process for an end other than what the criminal process was intended to accomplish, and did so *after* process was issued.

[4] In rejecting defendants' similar counterclaim that plaintiffs had brought a baseless and meritless case as "extortion", the court noted that this was more a generalized attack on the legal system and that the defendants' proper remedy was a motion for costs and attorneys fees under Rule 11, and not a potential claim of "extortion" *Id.*

Here, Wheeling Hospital has pled that Longo's alleged threat *prior* to the lawsuit, or his seeking to settle the case itself, may form the basis of an abuse of process claim. Neither action suffices. Wheeling Hospital has not pled that Longo did anything improper after the filing of the Pennsylvania Case, nor has he.

For the reasons addressed in Longo's brief, and inadequately addressed by Wheeling Hospital's Opposition, such claims fail as a matter of law.

### B. Wheeling Hospital still fails to state a claim for breach of fiduciary duty.

The parties appear to agree on the general rule regarding "dependent" and "independent" claims. As described above, to determine if a particular claim is permissible, or must be dismissed as a matter of law, courts must determine whether damages of the counterclaim are dependent on the fact of FCA liability. If so, the claim is barred.

Wheeling Hospital ultimately presents authority for only one theory of liability which may be an allowable "independent" claim: a breach of fiduciary duty based on unprivileged false statements to third parties. Though this is a cognizable claim as a matter of law, Wheeling Hospital fails to plead any facts to support the claim, so the claim must be dismissed under Rule 8. Wheeling's other theories of a breach of fiduciary duty are barred as a matter of law, and must be dismissed under Rule 12(b)(6).

#### 1. Wheeling Hospital fails to address Longo's arguments regarding barred claims.

In its Opposition brief, Wheeling Hospital claims it has "neither alleged contribution or indemnity damages nor has it claimed defamation," and that its claims therefore only seek independent damages. *Opp*. (Dkt. Entry No. 25) at 11. This mischaracterizes Longo's Motion to Dismiss, and blurs the theories of liability in Wheeling Hospital's own Complaint. As the parties agree, however, the specific theory of liability is critical for determining if a claim is allowable as

11

a matter of public policy.

Longo argues in his Motion to Dismiss that three of Wheeling Hospital's theories of a breach of fiduciary duty were veiled attempts at indemnification, and therefore barred as dependent claims. In particular, theories of breach premised on Longo being "obligated to report" any "first-hand knowledge of … violations," or "contriving or concocting circumstances … to create a claim for damages" are examples of dependent counterclaims. *Compl.* (Dkt. Entry No. 1) at ¶ 47-8.

Additionally, Longo argued in his Motion to Dismiss that theories of a breach of fiduciary duty premised on alleged "extortion" or "advancing personal interests" were also dependent claims. Breach of fiduciary duty requires a showing of harm, such as lost profits to the company or its shareholders. Wheeling Hospital has still failed to specifically plead, or note in its response, financial loss or harm to the company due to this alleged conduct other than damages which may arise from an FCA penalty.

Wheeling Hospital has failed to specifically refute or address any of these arguments, and instead attempts to group all of its theories of liability together. Wheeling Hospital cannot sidestep or re-plead its own Complaint in its Opposition.

> 2. *Wheeling Hospital's claims are not analogous to the claims in Burch and Mikes as a matter of fact or law.*

Wheeling Hospital argues that all of its claims seek damages which are "independent from any potential liability in the FCA suit." *Opp.* (Dkt. Entry No. 25) at 12. In doing so, Wheeling relies heavily on two authorities, *Burch* and *Mikes*. *U.S. ex rel. Burch v. Piqua Eng'g, Inc.,* 145 F.R.D. 452 (S.D. Ohio 1992), *U.S. ex rel. Mikes v. Straus,* 931 F. Supp. 248, 262 (S.D.N.Y. 1996). These cases, however, are not analogous to Wheeling Hospital's claim in the present case and do not support Wheeling Hospital's position.

In *Burch*, the court allowed a counterclaim for breach of fiduciary duty based on false statements made to third parties. *Burch,* 145 F.R.D. at 452. If adequately pled, Longo does not dispute such a claim would be an allowable "independent" damages claim. The spread of unprivileged false statements to third parties may be damaging to a company regardless of whether FCA liability is found. As noted in Longo's Motion to Dismiss, however, Wheeling Hospital has not specifically pled any such facts.

*Mikes v. Straus* also fails to support Wheeling Hospital's position. 931 F. Supp. 248, 262 (S.D.N.Y. 1996). The Court in *Mikes* allowed a counterclaim of extortion against individuals to proceed, when a tort of civil extortion was available.[5] Here, however, Wheeling Hospital claims a *breach of fiduciary duty* against a corporation, and not extortion.[6] Wheeling Hospital cannot evade the necessity of pleading particularized harm to the company or shareholders, as required to plead breach of fiduciary duty, by equating it to a different—and likely unavailable—tort of extortion.

### 3. Litigation privilege is relevant to Wheeling Hospital's claims as originally pled, and continues to bar its claims.

In its Opposition, Wheeling Hospital argues that Longo has "misread the complaint when he speaks of a defamation claim." *Opp*. (Dkt. Entry No. 25) at 13. Nowhere in Longo's Motion to Dismiss did he characterize Wheeling Hospital's allegations as a direct allegation of defamation. Longo instead addressed two of Wheeling Hospital's theories of a breach of fiduciary duty, which

---

[5] In *Mikes*, these claims were initially brought as counterclaims with a trial later bifurcated, not as a separate claim in a separate venue.

[6] This distinction is important, as the tort of civil extortion—if available—may provide for its own separate damages. *c.f. Hydrogen Master Rights, Ltd. v. Weston*, 228 F.Supp.3d 320, 339 (D.Del. 2017) (noting that under Michigan law, damages in a civil extortion action are typically the property actually extorted). The holding of *Mikes* was sustained when a separate tort of extortion was recognized in New York, but civil extortion has since been held to not be a recognized cause of action under New York law. *Shak v. Krum,* 2018 WL 5831319, at *5 (S.D.N.Y. Nov. 6, 2018). To Longo's knowledge, this tort has not been recognized in West Virginia state law, with the exception of a case from 1903 which described the use of felony prosecution as a threat to coerce Plaintiff. *c.f. Boggs v. Greenbrier Grocery Co.*, 53 W.Va. 536 (W.Va. 1903)

Wheeling Hospital explicitly premised on Longo allegedly "defaming Wheeling Hospital…" and/or making unprivileged false statements to third parties. *Compl.* (Dkt. Entry No. 1), at ¶ 48. The doctrine of protected litigation privilege is therefore relevant. Wheeling Hospital cannot base allegedly defamatory conduct on statements made in the course of the False Claims Act lawsuit.

Wheeling Hospital's Opposition shifts to emphasize a conversation between Longo and Wheeling Hospital, made prior to Longo filing his False Claims Act Case. Longo disputes the factual accuracy of this alleged "extortion." However, even construing all allegations in favor of Wheeling Hospital, these statements as factually alleged—restricted to Wheeling Hospital and Longo —could not be the basis of a defamatory statement, as an essential element of a defamation clam requires "a nonprivileged communication to a third party." *Miller v. City Hospital, Inc.*, 197 W.Va. 403, 411 (W.Va. 1996). Nowhere in the Complaint or response brief has Wheeling Hospital alleged, with specificity, any such non-privileged communications to a third party. Wheeling Hospital's claim of a breach of a fiduciary duty based on such conduct must be dismissed.

## V. Conclusion

The Complaint here should be dismissed with prejudice. The abuse of process claim fails because Wheeling Hospital does not and cannot truthfully allege that Longo has taken any impermissible action following the filing of his lawsuit. Most of the breach of fiduciary duty claims are barred as against public policy because they are dependent upon FCA liability. The remaining breach of fiduciary duty claims do not plead facts on which the court may grant relief, and indeed, no such facts exist.

Even if Wheeling Hospital could replead its Complaint to satisfy pleading standards, the claims are compulsory counterclaims that must be dismissed and re-filed as counterclaims in the Pennsylvania Case. Wheeling Hospital's allegations ultimately arise expressly and solely because

14

Longo filed a False Claims Act case, and the truth of those False Claims Act allegations are essential to any determination of Wheeling Hospital's counterclaims. If Wheeling Hospital wants to argue that the United States, after over a year of investigation, intervened in a case that was "false" and "meritless," it may do so, but if it so chooses it *must* do so as part of that intervened case.

**Date: May 27th, 2019**　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**DEFENDANT LOUIS LONGO**

　　　　　　　　　　　　　　　　　　/s/ Sharon L. Potter
　　　　　　　　　　　　　　　　　　Sharon L. Potter (WV Bar # 2952)
　　　　　　　　　　　　　　　　　　Michael S. Garrison (WV Bar # 7161)
　　　　　　　　　　　　　　　　　　SPILMAN THOMAS & BATTLE, PLLC
　　　　　　　　　　　　　　　　　　P.O. Box 831
　　　　　　　　　　　　　　　　　　1233 Main Street, Suite 4000
　　　　　　　　　　　　　　　　　　Wheeling, WV 26003
　　　　　　　　　　　　　　　　　　Telephone: 304-230-6950
　　　　　　　　　　　　　　　　　　Email: spotter@spilmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　mgarrison@spilmanlaw.com

　　　　　　　　　　　　　　　　　　*Counsel for Louis Longo*

## **CERTIFICATE OF SERVICE**

I, Sharon L. Potter, hereby certify that on the 27th day of May, 2019, the foregoing Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Marc B. Chernenko, Esquire
William E. Watson & Associates
800 Main Street
P.O. Box 111
Wellsburg, WV  26070
E: wewalaw@aol.com
*(Counsel for Plaintiff)*

Roscoe C. Howard, Jr., Esquire
William Martin, Esquire
C. David Paragas, Esquire
Meena T. Sinfelt, Esquire
Barnes & Thornburg, LLP
1717 Pennsylvania Ave, N.W.
Suite 500
Washington, DC  20006
E: Roscoe.Howard@btlaw.com
William.Martin@btlaw.com
David.Paragas@btlaw.com
Meena.Sinfelt@btlaw.com
*(Counsel for Plaintiff)*

/s/ Sharon L. Potter
Sharon L. Potter (WV Bar # 2952)